**UNITED STATES of America,
Plaintiff,**

v.

**Alvin Dale RICE, Defendant.**

**Bank of Oklahoma, Garnishee.**

**No. 01–CR–006–001–C.**

United States District Court,
N.D. Oklahoma.

March 7, 2002.

Alvin Dale Rice, Texarkana, TX, for pro se.

Bank of Oklahoma, Tulsa, OK, pro se.

Alex Hammack, Doener, Saunders, Daniel & Anderson, Tulsa, OK, for Bank of Oklahoma.

Phil Pinnell, Robert Thames Raley, United States Attorney, Tulsa, OK, for U.S.

*ORDER*

JOYNER, United States Magistrate Judge.

## I. INTRODUCTION

Defendant was sentenced in this criminal case to 57 months imprisonment, 3 years supervised release, and a $10,000.00 fine. [Doc. No. 19]. Each United States Attorney is responsible for taking all actions necessary to collect fines imposed in his district. 28 C.F.R. § 0.171. In carrying out his duty to collect the $10,000.00 fine owed by Defendant, the United States Attorney has issued a garnishment summons to Bank of Oklahoma ("BOK") pursuant to 18 U.S.C. § 3613(a) and 28 U.S.C. § 3205.[1] *See* Doc. No. 48.

1. Section 3613 states that "[t]he United States may enforce a judgment imposing a fine in

BOK has filed an answer pursuant to the garnishment summons, indicating that it is the trustee/administrator of the Bama Pie Employee Retirement Plan ("Bama Plan"), an employee pension plan qualified under 26 U.S.C. § 401. [Doc. No. 53]. Defendant, a former Bama Pie employee, is a fully-vested plan participant with an account balance of $27,214.69. In its garnishee answer, BOK claims an exemption on Defendant's behalf for the full amount of Defendant's interest in the Bama Plan. BOK claims that Defendant's interest in the Bama Plan is exempt from garnishment due to the Plan's anti-alienation provision; a provision which ERISA and the IRS require to make the Plan qualify for tax-exempt status. *See* 26 U.S.C. § 401 and 29 U.S.C. § 1056(d).

■ Upon receipt of BOK's garnishee answer, the United States filed a petition for order to show cause. [Doc. No. 54]. The Court granted the government's petition and set a hearing which was held on February 27, 2002. The government purported to file its petition under 28 U.S.C. § 3205(c)(6). Section 3205(c)(6) provides the United States with a procedural mechanism, resulting in liability to the garnishee, when the garnishee "fails to answer the writ of garnishment or to withhold property in accordance with the writ ...." In this case BOK has neither failed to answer or to withhold property subject to the writ. BOK has answered, and BOK is holding Defendant's interest in the Bama Plan and has not transferred or otherwise alienated it. Section 3205(c)(6) is, therefore, not ap-

plicable. Rather, the government simply objects to BOK's garnishee answer; specifically to BOK's claim of exemption in the answer. Objections to claimed exemptions are more properly considered under §§ 3205(c)(5) and 3014(b)(2), and the Court proceeds accordingly.

## II. 18 U.S.C. § 3613 PROVIDES THE PROCEDURE FOR COLLECTING ON CRIMINAL FINES AND IT DEFINES WHAT PROPERTY IS EXEMPT FROM EXECUTION FOR A CRIMINAL FINE.

The government argues that pursuant to 18 U.S.C. § 3613 neither Defendant nor BOK in Defendant's stead may claim an exemption for benefits in a qualified pension plan. Specifically, § 3613 provides as follows:

Notwithstanding any other Federal law ..., a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—

(1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;

(2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

(3) the provisions of section 303 [2] of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforce-

accordance with the practices and procedures for the enforcement of a civil judgment under Federal Law or State law." 18 U.S.C. § 3613(a). One federal "practice" available to the government is the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001–3308. The FDCPA specifically includes "fines" within the class of "debts" which can be collected upon by the United States using FDCPA's procedures. *See* 28

U.S.C. § 3002(3)(B). The United States has, therefore, elected to proceed by way of post-judgment garnishment summons pursuant to 28 U.S.C. § 3205.

**2.** Section 303 of the Consumer Credit Protection Act places limits on the amount of the debtor's disposable earnings which may be garnished, and it is not applicable in this case.

ment of the judgment under Federal law or State law.

18 U.S.C. § 3613(a).

The language of § 3613 and its legislative history make it clear that the government may enforce a criminal fine rendered in its favor against all of the Defendant's property except that property which would be exempt from a levy for the payment of federal income taxes. Subsection (a) specifically states that notwithstanding "any" other federal law, a criminal fine may be enforced against all of the defendant's property, including pension benefits.

 Fines imposed as part of a criminal sentence under 18 U.S.C. §§ 3571–74, as the fine in this case was, are to be treated as if they were

a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. . . .

18 U.S.C. § 3613(c). Thus, for purposes of enforcement, a criminal fine is to be treated the same as a lien for the payment of delinquent income taxes. Furthermore, Congress specifically provided that certain property which is exempt from levy for taxes is exempt from execution for the payment of a criminal fine. Specifically, Congress provided in subsection (a)(1) of § 3613 that certain exemptions under § 6334(a) of the Internal Revenue Code of 1986 would apply in actions to enforce a criminal fine. The only relevant exemption, however, is the exemption provided in § 6334(a)(6), which provides an exemption for the following:

[Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll

(38 U.S.C. § 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code dealing with the Armed Forces].

26 U.S.C. § 6334(a)(6). Defendant's interest in the Bama Plan does not fit within any of the categories listed in § 6334(a)(6), or any of the other categories listed in § 6334(a). There is, therefore, no exemption for qualified employee pension plan benefits under 18 U.S.C. § 3613.

Subsection (a)(2) of § 3613 declares that the exemptions in § 3014 of the FDCPA, which would ordinarily be available to debtors in all other enforcement actions by the government, are not available in criminal cases. Section 3014 applies the exemptions under either § 522(d) of the bankruptcy code or the law of the debtor's domicile to enforcement actions brought by the government. One exemption ordinarily available under either exemption scheme in § 3014 is an exemption for pension benefits. *See, e.g.,* 11 U.S.C. § 522(d)(10)(E); and 31 Okla. Stat. § 1(20). The fact that Congress specifically stated that the FDCPA's exemptions are not available to debtors owing criminal fines is further evidence that Congress did not intend pension benefits to be exempt from execution under § 3613.

The legislative history of § 3613 also supports the Court's conclusion that for purposes of enforcement, criminal fines are to be treated as if they were debts for delinquent income taxes under the Internal Revenue Code. The legislative history also makes it clear that the only property exempt from execution for a criminal fine is that property in § 3613(a)(1), which is a subset of that property exempted from levy for the collection of income taxes under 26 U.S.C. § 6334(a). *See* H. Rep. No. 98–1030, S.Rep. No. 98–634, and H. Conf. Rep. No. 98–1159, all reprinted at 1984

U.S.C.C.A.N. 3182, 3318–23. Specifically, the drafters of § 3613 state as follows:

> Proposed 18 U.S.C. § 3613 establishes the procedure by which the Attorney General is to make collection of unpaid fines. This section significantly improves current practices by providing a federal collection procedure independent of state laws and patterned on the collection procedures utilized so successfully over the years by the Internal Revenue Service.
>
> . . . . .
>
> [A] lien similar to a tax lien arises at the time of judgment, and ... may be enforced like a tax lien through the use of administrative levy procedures

1984 U.S.C.C.A.N. at 3318–19. The drafters also recognized that the exemptions in § 3613(a)(1) are "limited," and that the government would no longer be subject to the "greater and more varied number of exceptions provided for in state laws ...." *Id.* at 3321.

As discussed above, none of the IRS Code exemptions incorporated by § 3613(a)(1) provide an exemption for benefits in a qualified employee pension plan. The United States is, therefore, entitled to execute upon Defendant's interest in the Bama Plan to satisfy the criminal fine owed by Defendant.

### III. 18 U.S.C. § 3613 PROVIDES AN EXCEPTION TO ERISA's ANTI–ALIENATION PROVISION.

■ BOK argues that non-alienation provision in ERISA and IRS regulations relating to qualified employee pension plans bar garnishment of Defendant's interest in the Bama Plan. The Court does not agree.

In its brief, BOK refers to ERISA, which provides as follows:

> Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.

29 U.S.C. § 1056(d)(1). BOK also refers to the IRS Code, which provides as follows:

> A trust shall not constitute a qualified trust under this section unless the plan of which such trust is a part provides that benefits provided under the plan may not be assigned or alienated.

26 U.S.C. § 401(a)(13)(A). Based on these ERISA and IRS Code provisions, the IRS has promulgated the following regulation, to which BOK also refers:

> Under section 401(a)(13), a trust will not be qualified unless the plan of which the trust is a part provides that benefits provided under the plan may not be anticipated, assigned (either at law or in equity), alienated or subject to attachment, garnishment, levy, execution or other legal or equitable process.

26 C.F.R. § 1.401(a)–13(b)(1). Pursuant to all of these provisions, the Bama Plan itself contains the following language:

> [N]either a participant nor a beneficiary may anticipate, assign or alienate (either at law or in equity) any benefit provided under the Plan, and the Trustee will not recognize any such anticipation, assignment, or alienation. Furthermore, a benefit under the Plan is not subject to attachment, garnishment, levy, execution or other legal or equitable process.

Doc. No. 57, p. 2.

The Court agrees with BOK that, absent some exception, ERISA's anti-alienation provision prevents any garnishment of Defendant's interest in the Bama Plan. *See Guidry v. Sheet Metal Workers Nat. Pension Fund,* 39 F.3d 1078, 1081–83 (10th Cir.1994); and *Guidry v. Sheet Metal Workers Nat. Pension Fund,* 493 U.S. 365, 371–72, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990). However, the very IRS regulation upon which BOK relies specifically states that a plan which satisfies all of the requirements discussed above regarding

anti-alienation of benefits shall not be constructed to preclude "[t]he enforcement of a Federal tax levy made pursuant to section 6331 [of the IRS Code]." 26 C.F.R. § 1.401(a)–13(b)(2)(i). In other words, nothing in ERISA or the IRS Code relating to qualified employee pension plans shall be construed to prevent execution on the plan's benefits to satisfy a federal income tax liability. Section 3613 and its legislative history make it clear that criminal fines are to be treated as if there were a liability for federal income taxes. Thus, if delinquent taxpayers cannot protect their pension benefits, criminals owing a fine may not do so either. A contrary result would seem anomalous, and that fact probably accounts for the legislature's decision to equate criminal fines with tax deficiencies.

BOK cites and relies on the United States Supreme Court's decision in *Guidry* as establishing a total prohibition on all garnishments of pension plan benefits. The Court does not agree that *Guidry* can be read so broadly. In that case, a Mr. Guidry, the CEO of a local union and the trustee of the union's pension plan, pleaded guilty to embezzling money from the union. As a member of the union, Mr. Guidry was himself entitled to benefits under the union's pension plan. Following his conviction, the union filed a claim against Mr. Guidry seeking to impose a constructive trust on his interest in the union's pension plan. Essentially, the union argued that there should be an equitable exception to ERISA's anti-alienation provision, especially in a case when one of the plan's fiduciaries causes injury to the plan. *Guidry,* 493 U.S. at 368–71, 110 S.Ct. 680.

In *Guidry,* the Supreme Court began by recognizing that absent some exception, ERISA's anti-alienation provision bars garnishment of pension benefits in an ERISA qualified plan. Given this Congressional ban, the Court was loath to create any equitable exceptions. Specifically, the Court held as follows:

> Nor do we think it appropriate to approve any generalized equitable exception—either for employee malfeasance or for criminal misconduct—to ERISA's prohibition on the assignment or alienation of pension benefits. [ERISA's anti-alienation provision] reflects a considered congressional policy choice, a decision to safeguard a stream of income for pensioners (and their dependents, who may be, and perhaps usually are, blameless), even if that decision prevents others from securing relief for the wrongs done them. If exceptions to this policy are to be made, it is for Congress to undertake that task.

*Guidry,* 493 U.S. at 376, 110 S.Ct. 680.

The Supreme Court's decision in *Guidry* stands only for the proposition that ERISA's anti-alienation provision is applicable unless and until Congress determines an exception should be made. This Court finds that Congress specifically created such an exception when it passed 18 U.S.C. § 3613 and decided to limit the exemptions available to criminal defendants owing fines. With § 3613(a), Congress made all of a criminal defendant's property subject to execution to satisfy a fine, and Congress provided for minimal exemptions, which do not include an exemption for ERISA pension plan benefits. Thus, § 3613 is the type of "considered congressional policy choice" which was lacking in *Guidry;* it is a Congressionally created exception to ERISA's anti-alienation provision.

BOK also cites to *United States v. Jackson,* 229 F.3d 1223 (9th Cir.2000). In *Jackson,* however, the court never discusses the impact of 18 U.S.C. § 3613 on ERISA. In fact, as the court notes, the parties operated on the assumption

throughout trial that the defendant's pension benefits could be reached to satisfy court-imposed restitution.[3] It was not until the case was appealed to the Ninth Circuit that the defendant argued for the first time that ERISA's anti-alienation provision applied at all. Because the issue was not raised below, the Ninth Circuit reviewed the claim only for plain error. *Id.* at 1225. It appears, therefore, that the government in *Jackson* never raised, and the Court never considered, § 3613's impact on ERISA's anti-alienation provision. The Court finds, therefore, that *Jackson* is of no help in determining how § 3613 is to be applied in this case.

In its brief and at oral argument, BOK suggested that if it were to release any money from the Bama Plan pursuant to a garnishment, there is a substantial risk that the Plan would loose its qualified status. However, BOK presented no evidence or authority to establish that such dire consequences would result or are even likely. Given that the IRS' own regulations indicate that a levy against an ERISA plan is permitted to collect delinquent taxes [26 C.F.R. § 1.401(a)–13(b)(2)(i)], and given that Congress has decreed that criminal fines are to be treated as if they were a debt for delinquent taxes [18 U.S.C. § 3613(c)], BOK has failed to establish any significant threat to the Bama Plan's qualified status.

### CONCLUSION

With the passage of 18 U.S.C. § 3613, Congress created an exception to ERISA's anti-alienation provision by subjecting all of a criminal defendant's property to execution for the collection of a criminal fine. The only exemptions which Defendant may claim in this garnishment action to collect

upon the criminal fine imposed against him are those exemptions provided for in 18 U.S.C. § 3613(a)(1). Those exemptions do not include an exemption for pension benefits in an ERISA qualified plan. Consequently, Defendant's interest in the Bama Plan is not exempt from execution to satisfy the criminal fine imposed against him in this case.

IT IS SO ORDERED.

---

**3.** *See* 18 U.S.C. § 3613(f), which applies all of the provisions of § 3613 dealing with the collection of fines to the collection of court-ordered restitution. The court and the parties

in *Jackson* may not have been aware of this provision and assumed that § 3613 did not apply to collection of the defendant's court-ordered restitution.