**UNITED STATES of America, Plaintiff,**

v.

**Opal TYSON, Defendant,**

**and**

**Ford Motor Company Retirement Trust, Garnishee.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 14, 2003.

Jacqueline M. Hotz, United States Attorney's Office, Detroit, MI, for Plaintiff.

Julia T. Baumhart, Birmingham, MI, for Garnishee (Ford Motor Co. Retirement Trust).

Pro Se, Defendant.

## OPINION AND ORDER

WHALEN, United States Magistrate Judge.

This matter is before the Court on Defendant Opal Tyson's and Garnishee Ford Motor Company Retirement Trust's objection to a writ of garnishment. The matter was referred to this Magistrate Judge for hearing and determination, pursuant to 28 U.S.C. § 636(b)(1)(A). Oral argument was heard on November 19, 2002, after which the parties filed supplemental briefs.

The issue before the Court is whether the anti-alienation provisions of the Employees Retirement Income Security Act (ERISA) and the Internal Revenue Code preclude the government from obtaining a writ of garnishment against a criminal defendant's interest in a qualified pension plan, under provisions of the Federal Debt Collections Procedures Act (FDCPA), in order to enforce an order of criminal restitution. The parties acknowledged at oral argument that there is no controlling authority in this Circuit which would provide an answer to this question. However, for the reasons set forth below, I find that the FDCPA permits the garnishment of Defendant's pension plan.

### I.

Defendant pled guilty to an indictment charging her with possession of stolen mail, 18 U.S.C. § 1708.[1] On June 7, 2000, the Court entered a Judgment and Commitment Order imposing a prison term of 12 months, to be followed by a two-year term of supervised release. A special condition of supervised release was that she pay restitution of $15,455.05, apportioned as follows:

| | |
|---|---|
| State of Michigan: | $7,600.00 |
| AAA of Michigan: | $3,482.90 |
| Comerica Bank: | $ 78.15 |
| Internal Revenue Service: | $4,294.00 |

In addition, Defendant was also ordered to pay a special assessment of $100.00. To date, she has paid $45.00 toward restitution and special assessment.

On September 23, 2002, the government obtained a writ of garnishment against Defendant's interest in the Ford Motor Company Retirement Trust (FMC Trust). FMC Trust served an answer on October 2, 2002, claiming that Defendant's pension benefits are exempt from garnishment under ERISA.

### II.

The resolution of this case requires an examination and reconciliation of various provisions of three statutes: (1) ERISA, particularly 29 U.S.C. § 1056(d)(1); (2) the FDCPA, particularly 18 U.S.C. § 3613; and (3) the Internal Revenue Code, particularly 26 U.S.C. § 401(a)(13)(A).

---

1. *United States v. Opal Tyson*, E.D. Mich. No. 99 CR 80692.

Section 206(d) of ERISA, the anti-alienation provision (29 U.S.C. § 1056(d)(1)), states, "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated." In *Guidry v. Sheet Metal Workers National Pension Fund,* 493 U.S. 365, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990), the Supreme Court recognized that absent some exception, this provision bars garnishment of pension benefits in an ERISA qualified plan. *Guidry* declined to endorse an implied equitable exception to the anti-alienation clause "either for employee malfeasance or for criminal misconduct." *Id.,* 493 U.S. at 376, 110 S.Ct. 680. Pointing out that the provision "reflects a considered congressional policy choice, a decision to safeguard a stream of income for pensioners (and their dependents, who may be, and perhaps usually are, blameless), even if that decision prevents others from securing relief for the wrongs done to them," *Id.,* the Court held that § 206(d) is to be strictly applied unless and until Congress carves an exception.[2]

At issue in *Guidry* was the attempt by a private creditor to enforce the terms of a civil judgment through garnishment of pension funds. After *Guidry,* it is clear that neither Comerica Bank, AAA of Michigan, nor any other beneficiary of the restitution order in the present case could enforce its claim against Ms. Tyson's interest in the FMC Trust, even if it had an independent civil judgment against her. However, *Guidry* does not address whether § 206(d) insulates pension funds against orders of restitution in criminal cases. In the present case, the government argues that 18 U.S.C. § 3613, part of the FDCPA,

represents an express statutory exception to ERISA's anti-alienation provision.

§ 3613 provides as follows, in pertinent part:

"(a) **Enforcement.** ... *Notwithstanding any other Federal law* ... a judgment imposing a fine may be enforced *against all property or rights to property of the person fined,* except that—
(1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law." (Emphasis added).

§ 3613(f) provides that "all provisions of this section are available to the United States for the enforcement of an order of restitution."

A criminal defendant's interest in an ERISA qualified pension plan does not fit within any of the exceptions listed in § 3613(a)(1), or within any other statutory exception created by the FDCPA.[3] On its face, the FDCPA would permit enforcement of a criminal restitution order against a pension fund such as the FMC Trust. The question then becomes whether § 3613 is in conflict with the anti-alienation clause of ERISA. In this regard, ERISA contains the following provision at 29 U.S.C. § 1144(a):

"Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States ... or any rule or regulation issued under any such law."

To the extent that the FDCPA is in conflict with ERISA, this "savings provi-

---

2. *Guidry* resolved a conflict among the Circuits. In *United Metal Products v. National Bank of Detroit,* 811 F.2d 297 (6th Cir.1987), the Sixth Circuit held that there is no implied fraud exception to ERISA.

3. The only pension payments excepted are those defined by § 6334(a)(6) of the Internal Revenue Code, which cover annuity or pension payments under the Railroad Retirement Act, and military pensions.

sion" mandates that the conflict be resolved in favor of the FDCPA. Further buttressing this conclusion, the FDCPA, specifically 28 U.S.C. § 3003(c)(1)-(10), states that "[t]his chapter shall not be construed to supersede or modify the operation of" a number of specific federal statutes. ERISA is not among those listed. In *United States v. Sawaf,* 74 F.3d 119, 124 (6th Cir.1996), the Sixth Circuit noted, "[I]f Congress, in enacting the FDCPA, had intended it to be subordinate to ERISA, it easily could have included ERISA among the statutes that the FDCPA does not supersede."[4] The language of both statutes unambiguously shows that in a contest between arguably inconsistent provisions, the FDCPA trumps ERISA. Hence, two basic rules of statutory construction support the conclusion that the FDCPA represents an exception to the anti-alienation clause of ERISA. First, where the terms of a statute are unambiguous, "judicial inquiry is complete," and no further construction is necessary. *Burlington Northern R.R. v. Oklahoma Tax Commission,* 481 U.S. 454, 461, 107 S.Ct. 1855, 95 L.Ed.2d 404 (1987). Second, in interpreting two coordinate federal statutes (ERISA and FDCPA), the reviewing court must give full effect to both statutes. *In re Lucas,* 924 F.2d 597, 602 (6th Cir.1991).

In *United States v. Rice,* 196 F.Supp.2d 1196, 1201 (N.D.Okla.2002), the Court specifically held that 18 U.S.C. § 3613 was a statutorily created exception to the anti-alienation clause of ERISA:

"The Supreme Court's decision in *Guidry* stands only for the proposition that ERISA's anti-alienation provision is applicable unless and until Congress determines an exception should be made. This Court finds that Congress specifi-

cally created such an exception when it passed 18 U.S.C. § 3613 and decided to limit the exemptions available to criminal defendants owing fines. With § 3613(a), Congress made all of a criminal defendant's property subject to execution to satisfy a fine, and Congress provided for minimal exemptions, which do not include an exemption for ERISA pension plan benefits. Thus, § 3613 is the type of 'considered congressional policy choice' which was lacking in *Guidry;* it is a Congressionally created exception to ERISA's anti-alienation provision."

Accordingly, the Court in *Rice* approved garnishment of a criminal defendant's interest in a pension fund, pursuant to the FDCPA, in order to satisfy a criminal fine. Because § 3613(f) makes the FDCPA equally applicable to orders of restitution, the government is entitled to the same remedy in the present case.

The Fourth Circuit's decision in *United States v. Smith,* 47 F.3d 681 (4th Cir.1995), cited by FMC Trust, is factually inapposite. In *Smith,* the criminal judgment itself ordered the defendant to turn over his pension benefits each month as he received them. The government did not attempt to collect restitution through the FDCPA, and the Court did not in any way discuss the impact of the FDCPA. Indeed, the principal issue in *Smith* was whether the anti-alienation provision of ERISA applied to pension benefits after they had been distributed to the defendant, a question not before this Court.

FMC Trust argues that, notwithstanding the FDCPA, the Internal Revenue Code, specifically 26 U.S.C. § 401(13)(A) precludes garnishment of the pension fund

---

4. In *Sawaf,* the Court held that the anti-alienation provision of ERISA does not preclude the government from garnishment of pension funds under the FDCPA in order to satisfy income tax deficiencies.

when read in conjunction with ERISA. § 401(13)(A) provides:

"A trust shall not constitute a qualified trust under this section unless the plan of which such trust is a part provides that benefits provided under the plan may not be assigned or alienated."

FMT Trust accurately points out that the corresponding IRS regulation, 26 C.F.R. § 1.401(a)–13, articulates only two exceptions to the anti-alienation provision of the Internal Revenue Code relating to qualified employee pension plans: (1) enforcement of a tax levy made pursuant to 26 U.S.C. § 6331, and (2) collection by the United States on a judgment resulting from an unpaid tax assessment. FMT Trust argues, therefore, that "[t]he IRS regulations do not exempt criminal fines and restitution orders from the anti-alienation provision of Internal Revenue Code Section 401(13)(A)." *Supplemental Brief of Garnishee,* at 2.

If we were dealing only with the anti-alienation provisions of ERISA and the Internal Revenue Code, the Garnishee might have a point. However, the Garnishee fails to consider the clear language of 18 U.S.C. § 3613(c):

"... [A]n order of restitution made pursuant to sections 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986."

█ This section of the FDCPA makes clear that an order of restitution such as Ms. Tyson's is the functional equivalent of, and to be treated precisely as, a tax liability.[5] Under the IRS regulations cited

above, such tax liability is an exception to the anti-alienation provision of 26 U.S.C. § 401(13)(A). This brings a criminal fine or restitution order within the purview of *United States v. Sawaf, supra,* which permits garnishment of a pension fund to satisfy a tax deficiency. Thus, all three statutes—ERISA, FDCPA, and the Internal Revenue Code—are in perfect harmony as to the ability of the government to garnish a qualified pension plan in order to enforce either a federal income tax liability or a criminal restitution order. As the court noted in *United States v. Rice, supra,* 196 F.Supp.2d at 1201:

"Section 3613 and its legislative history make it clear that criminal fines are to be treated as if there were a liability for federal income taxes. Thus, if delinquent taxpayers cannot protect their pension benefits, criminals owing a fine may not do so either. A contrary result would seem anomalous, and that fact probably accounts for the legislature's decision to equate criminal fines with tax deficiencies."

Finally, FMC Trust argues that a 1994 amendment to ERISA limits any criminal judgment exception to the anti-alienation clause to conduct which inflicts injury on the retirement plan itself. The amendment, 29 U.S.C. § 1056(d)(4), states that the anti-alienation provision "shall not apply to any offset of a participant's benefits provided under an employee pension benefit plan against an amount that the participant is ordered or required to pay to the plan if ... the order or requirement to pay arises ... under a judgment of conviction for a crime involving such plan." This amendment, enacted after the Supreme Court's decision in *Guidry,* creates an ex-

---

5. The order of restitution in Ms. Tyson's case falls within at least two enumerated sections of Title 18: § 3663(a)(3)(order of restitution agreed to in a plea agreement) and §§ 3663A(c)(1)(A)(ii) and (B)(order of restitution involving an offense against property in which an identifiable victim or victims suffered pecuniary loss).

474

ception which allows *a private entity*, specifically, a pension plan, to offset its losses caused by criminal conduct directed against the plan. Before this amendment, *Guidry* precluded even this limited remedy. Both *Guidry* and the 1994 amendment to ERISA deal with the rights of private creditors vis-a-vis qualified pension plans, not with the right of the government to proceed against a pension plan pursuant to the FDCPA. Section 1056(d)(4) is therefore irrelevant to the issue before this Court.

Accordingly, this Court holds that 18 U.S.C. § 3613 is an express statutory exception to the anti-alienation provision of ERISA found at 29 U.S.C. § 1056(d)(1) as well as the corresponding provision of the Internal Revenue Code found at 26 U.S.C. § 401(13)(A). In order to enforce the criminal restitution order in Ms. Tyson's case, the government is therefore entitled to a writ of garnishment against her interest in the Ford Motor Company Retirement Trust. However, because § 3613 is, by its terms, limited to criminal fines and orders of restitution, the government is not entitled to garnish any portion of Ms. Tyson's pension funds to satisfy the $100.00 special assessment imposed at sentencing.

IT IS SO ORDERED.