**UNITED STATES of America,
Plaintiff,**

v.

**CITIGROUP GLOBAL MARKETS,
INC.-Smith Barney and Bruce
M. Chandler, Defendants.**

**Civil Action No. 1:06–MC–15.**

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 27, 2007.

Suellen Ratliff Perry, U.S. Attorney's Office, Tyler, TX, for Plaintiff.

Thomas Drury Cordell, Haynes & Boone, Houston, TX, for Defendant.

## MEMORANDUM AND ORDER

MARCIA CRONE, District Judge.

Pending before the court is Plaintiff United States of America's ("United States") Second Motion for Entry of Final Order in Garnishment (# 16). Pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001–3308, the United States seeks to garnish Bruce M. Chandler's ("Chandler") bank accounts, pension, stocks, and mutual funds in the custody, control, or possession of Citigroup Global Markets, Inc.–Smith Barney ("Smith Barney") for the purpose of satisfying outstanding criminal fines and court-ordered restitution. Having reviewed the pending motion, the submissions of the parties, and the applicable law, the court is of the opinion that Plaintiff's motion should be granted.

### I. Background

On October 12, 2004, in Case Number 1:04–CR–001, Chandler pleaded guilty to one count of defrauding or attempting to defraud a financial institution the deposits of which are insured by the Federal Deposit Insurance Corporation in violation of 18 U.S.C. § 4. As part of his sentence, Chandler was ordered to pay a $2,000.00 fine, $350,000.00 in restitution, and a special assessment of $100.00. The United States asserts that this judgment remains unsatisfied to the extent of $49,028.69.

On December 21, 2006, the United States filed an Application for Writ of Continuing Garnishment pursuant to the FDCPA, 28 U.S.C. § 3205. A writ was subsequently issued on December 29, 2006, ordering Smith Barney to withhold and retain any non-exempt property in its custody, control, or possession. An amended writ was issued on March 6, 2007, to correct a clerical error by the United States in regard to the calculation of the amount due. Chandler was served with the Writ of Continuing Garnishment and notified of his right to claim exemptions from garnishment.

On January 26, 2007, Smith Barney identified a bank account, containing $3,684.00, held by Bruce M. Chandler and Freida M. Chandler as joint tenants with rights of survivorship. Smith Barney further identified $84,128.12 in stocks, $115,519.93 in mutual funds, and a Simplified Employee Pension Individual Retirement Account ("SEP IRA"), containing $6,729.68. Smith Barney asserts, however, that the SEPA IRA is exempt from garnishment under Texas law. On February 12, 2007, the United States responded to Smith Barney's answer, arguing that state law exemptions are inapplicable, as garnishment is being sought pursuant to federal law. Accordingly, on May 30, 2007, the United States moved for entry of a final order in garnishment. The instant motion was filed on August 7, 2007.

## II. *Analysis*

The issue before the court is whether the United States may garnish Chandler's interest in his Smith Barney SEP IRA pursuant to the FDCPA, 18 U.S.C. § 3613, notwithstanding the Texas Property Code's retirement plan exemption, TEX. PROP.CODE ANN. § 42.0021.

### A. *Texas Retirement Plan Exemption*

An analysis of whether Chandler's SEP IRA is exempt from garnishment begins with the pertinent Texas Property Code provision. The Texas Property Code states that:

> [A] person's right to the assets held ... under any individual retirement account or any individual retirement annuity, including a simplified employee pension plan, ... is exempt from attachment, execution, and seizure for the satisfaction of debts unless the plan, contract, or account does not qualify under the appli-

cable provisions of the Internal Revenue Code of 1986.

TEX. PROP.CODE ANN. § 42.0021(a).

The United States contends that exemptions under state law, including the relevant Texas retirement plan exemption above, are inapplicable when garnishment is sought pursuant to the FDCPA and the Mandatory Victim Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A. The MVRA was enacted by Congress "to ensure that the loss to crime victims is recognized," as well as to guarantee that "they receive the restitution that they are due." S. REP. NO. 104–179, at 12 (1995), *as reprinted in* 1996 U.S.C.C.A.N. 924, 925. Section 3664 of the MVRA authorizes the government to seek enforcement of criminal orders of restitution using all of the remedies that are available for the collection of criminal fines. 18 U.S.C. § 3664(m)(1)(a)(i)-(ii); *United States v. Phillips,* 303 F.3d 548, 550–51 (5th Cir. 2002).

■ The most effective means for enforcing private victim restitution, and the method utilized by the government in the case at bar, is the FDCPA. *Id.* at 551. Section 3613 of the FDCPA directs the court to treat both criminal fines and orders of restitution made pursuant to the MVRA as "lien[s] in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c); *see Phillips,* 303 F.3d at 550–51; *United States v. Rice,* 196 F.Supp.2d 1196, 1199 (N.D.Okla. 2002). In regard to enforcement, the FDCPA further provides:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwith-

standing any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—

(1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;

(2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

(3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a).

 "The plain language of [§ 3613(a)] indicates that the *only* exemptions for the criminal debtor owing restitution are set out in the referenced provisions of 26 U.S.C. § 6334(a) of the Internal Revenue Service Code." *United States v. Lazorwitz,* 411 F.Supp.2d 634, 637 (E.D.N.C.2005) (citing *United States v. James,* 312 F.Supp.2d 802, 805 (E.D.Va. 2004) (emphasis added)); *see also Rice,* 196 F.Supp.2d at 1199. More specifically at issue here, the legislative history makes it clear that § 3613(a) was intended to provide a " 'federal collection procedure independent of State laws.' " *Id.* at 1199 (quoting S. REP. NO. 98–225, at 135 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3318). Consequently, Smith Barney may not claim state law exemptions, including the Texas retirement plan exemption, unless such exemptions from levy are allowed by the Internal Revenue Code ("IRC").

### B. *Internal Revenue Code Exemptions*

Section 6331 of the IRC sets forth the basic procedures for the collection of outstanding tax liabilities following notice and demand. *See* 26 U.S.C. § 6331. The Internal Revenue Service ("IRS") is authorized to levy upon all property and rights to property belonging to a taxpayer, subject to certain enumerated exemptions in § 6334, in order to satisfy outstanding tax liabilities. *See* 26 U.S.C. § 6331(a). Such a broad definition indicates "that Congress meant to reach every interest in property that a taxpayer might have." *Medaris v. United States,* 884 F.2d 832, 833 (5th Cir. 1989) (quoting *United States v. National Bank of Commerce,* 472 U.S. 713, 720, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985)). "Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." *Glass City v. United States,* 326 U.S. 265, 267, 66 S.Ct. 108, 90 L.Ed. 56 (1945).

 Section 6334 identifies property that is exempt from levy by the government. 26 U.S.C. § 6334(a). The enumerated exemptions comprise an exclusive list. *See id.,* § 6334(c) ("Notwithstanding any other law of the United States (including section 207 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)."). Because § 6334(a) governs what property is exempt from levy, any state law provision purporting to shield certain kinds of property from levy is trumped by the federal enactment. *United States v. Mitchell,* 403 U.S. 190, 204–05, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971).

 In the case at bar, Chandler's interest in his SEP IRA does not fall within any of the types of annuities and pension payments exempt from levy under § 6334(a)(6) of the IRC. *See* 26 U.S.C.

712

§ 6334(a)(6) (exempting "[a]nnuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. § 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code"). Accordingly, Defendant's assertion that his pension is exempt from seizure by the federal government for satisfaction of his outstanding criminal fine and court-ordered restitution is unfounded.

### C. *Litigation Costs*

██ Smith Barney seeks court costs and attorney's fees in connection with these proceedings. "Under federal law, attorney's fees may be awarded against the United States or its agencies only if such an award is specifically provided by statute." *Fenton v. Federal Ins. Adm'r,* 633 F.2d 1119, 1122 (5th Cir.1981). In the instant case, neither the MVRA nor the FDCPA provides for attorney's fees in garnishment proceedings brought by the United States or its agencies. Accordingly, Smith Barney's request for attorney's fees is without basis. Moreover, Smith Barney is not a prevailing party for whom an award of costs or attorney's fees would be appropriate in any event. *See* 28 U.S.C. § 2412.

### III. *Conclusion*

After reviewing the pending motion, the submissions of the parties, and the applicable law, the court is of the opinion that Chandler's interest in his SEP IRA is subject to garnishment by the United States in satisfaction of his outstanding criminal fine and court-ordered restitution. Accordingly, the United States' Second Motion for Entry of Final Order in Garnishment (# 16) is GRANTED, and its First Motion for Entry of Final Order in Garnishment (# 14) is DISMISSED as moot. Smith Barney is hereby ordered to remit the monies held for the benefit of Chandler to the Clerk of Court within ten days from the date of this order.