61 F.3d 918
 76 A.F.T.R.2d 95-5358
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John C. CALHOUN, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5050.
 United States Court of Appeals, Federal Circuit.
 July 12, 1995.
 
 Before RICH, CLEVENGER and RADER Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant John C. Calhoun seeks review of the December 14, 1994 decision of the United States Court of Federal Claims, Docket No. 93-443T, dismissing his complaint for lack of jurisdiction. We affirm.
 
 
 2
 Calhoun brought suit in the Court of Federal Claims seeking a refund of federal income taxes, redress for wrongful levy, the release of liens and damages. Calhoun alleges jurisdiction based on the First, Fourth, Fifth and Eighth Amendments to the Constitution and on Title 38 U.S.C., Veteran's Benefits.
 
 
 3
 This court reviews a dismissal of a complaint for lack of jurisdiction de novo. Transamerica Ins. Corp. v. United States, 973 F.2d 1572, 1576 (Fed. Cir. 1992).
 
 
 4
 The well-reasoned opinion of the Court of Federal Claims explains in detail why it lacked jurisdiction to hear Calhoun's claims. We need not reiterate all the details of that opinion, and instead refer only to the two issues Calhoun argues on appeal.
 
 
 5
 Regarding Calhoun's claim that his deposits in two credit union accounts are immune from levy under 26 U.S.C. Sec. 6334(a)(10) (1988) (exempting from levy certain amounts payable to an individual as service-connected disability benefits), we note that the statute on its face only exempts such amounts when payable as such. Here, the sums levied upon were not payable to Calhoun by the credit unions as service-connected disability benefits, but instead were balances in Calhoun's accounts payable to him as deposits. Another section of the antilevy statute protects sums received by an individual, see 26 U.S.C. Sec. 6334(a)(9) (1988), but the section relied on by Calhoun does not. Thus, his challenge to the levy upon his credit union balances lacks merit.
 
 
 6
 Calhoun secondly argues on appeal that the Court of Federal Claims erred in dismissing his claims for damages for alleged "reckless and wrongful actions" by the Internal Revenue Service. For the reasons stated by the Court of Federal Claims, Calhoun's claims for damages cannot be raised in the Court of Federal Claims.
 
 
 7
 No costs.