**UNITED STATES of America,**
**Plaintiff, Appellee,**

v.

**Frank P. BONGIORNO, Defendant,**
**Appellant.**

**No. 96–1560.**

United States Court of Appeals,
First Circuit.

April 3, 1997.

Order Denying Rehearing En Banc
April 10, 1997.

---

**12.** *See supra* note 2.

Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and BOUDIN, Circuit Judge.

## ORDER OF COURT

The petition for rehearing with suggestion for rehearing en banc filed by the United States is, under this court's internal operating procedures, considered both by the panel and by the full court. Panel rehearing is hereby *denied* for the following reasons.

The petition makes several arguments addressed to the panel's holding that the Federal Debt Collection Procedure Act (FDCPA) does not apply to restitution orders issued under the Child Support Recovery Act (CSRA). *See* 106 F.3d 1027, 1039–40 (1st Cir.1997). To the extent that these arguments merely rehash arguments previously made to and rejected by the panel, rehearing would serve no useful purpose.

The petition also raises an entirely new set of arguments which hinges on the Victim and Witness Protection Act (VWPA), 18 U.S.C. §§ 3663–3664 (1994). The VWPA's provisions regarding the enforcement of victim restitution orders are codified in 18 U.S.C. § 3663(h), which stipulates, *inter alia,* that the United States may enforce a victim restitution order "in the same manner as a judgment in a civil action." The United States mentions this statute for the first time in its petition for rehearing, and asseverates that this language "makes the debt collection remedies of the FDCPA available to the government in victim restitution cases, regardless of whether the FDCPA would otherwise apply to victim restitution orders of its own force." Petition for Rehearing at 11. We reject this neoteric argument on two grounds.

First, a party may not raise new and additional matters for the first time in a petition for rehearing. *See American Policyholders Ins. Co. v. Nyacol Prods., Inc.,* 989 F.2d 1256, 1264 (1st Cir.1993); *Kale v. Combined Ins. Co.,* 924 F.2d 1161, 1169 (1st Cir. 1991); *Anderson v. Beatrice Foods Co.,* 900 F.2d 388, 397 (1st Cir.1990). This principle has particular pertinence here because the point that the government belatedly seeks to make was never raised in the district court.

Second, even if we were to consider them, the government's substantive arguments relating to the VWPA in no way blunt the force of the panel opinion. In the last analysis, the government's point is little more than an *ipse dixit.* Declaring that the FDCPA is incorporated into 18 U.S.C. § 3663(h) by the language that the United States may enforce an order of restitution "in the same manner as a judgment in a civil action" begs the question of the procedures available to the government in collecting civil judgments. The Civil Rules govern the enforcement and collection of civil remedies. *See, e.g.,* Fed.R.Civ.P. 69(a) (describing the process to enforce a judgment for the payment of money and specifying that the procedure on execution "shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs *to the extent that it is applicable* ") (emphasis

supplied); Fed.R.Civ.P. 64 (stipulating that "remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment" are available in the manner provided by state law, subject to any overriding federal statute, *"to the extent to which it is applicable "*) (emphasis supplied).

Since we already have determined that a restitution order under the CSRA is not a debt owing to the United States within the meaning of the FDCPA, *see ante* at 1039–40, the FDCPA statute is therefore inapplicable in this instance. Put another way, given the nature of the underlying debt, the FDCPA is simply not an "applicable" federal statute. While section 3663(h) makes available collection procedures provided by the Civil Rules, those rules confer basically state-law-type remedies, subject only to a narrow "federal statute exception"; and the government cannot properly invoke the exception with respect to the restitution order at issue here. This result comports with the legislative history of the VWPA, which specifically points to Rule 64, stating that either the victim or the United States can enforce the restitution order *by using remedies contained in Rule 64* to collect the restitutionary amount. *See United States v. Johnson*, 983 F.2d 216, 220 (11th Cir.1993) (citing 1982 U.S.C.C.A.N. at 2539) (emphasis supplied).

We note, moreover, that the panel opinion in no way obstructs the government's ability to use section 3663(h) appropriately, that is, in tandem with conventional civil remedies (e.g., Fed.R.Civ.P. 64, 69) as a vehicle for collecting restitution ordered pursuant to the CSRA. The panel holds only that "[b]ecause the government sued under an inappropriate statute [the FDCPA]," the judgment must be reversed. *Ante* at 1039–40. We specifically noted that the government had other available remedies—including remedies under section 3663, *see id.*—and that it could attempt to enforce the restitution order by means of those remedies. *See id.*

The petition for panel rehearing is *denied.*

Before TORRUELLA, Chief Judge, SELYA, BOUDIN, STAHL and LYNCH *, Circuit Judges.

* Dissent follows.

### ORDER OF EN BANC COURT

The suggestion for the holding a rehearing en banc having been carefully considered by the judges of this Court in regular active service and a majority of said judges not having voted to order that the appeal be heard or reheard by the Court en banc,

It is ordered that the suggestion for rehearing en banc be denied.

LYNCH, Circuit Judge, dissenting.

I respectfully dissent from the denial of rehearing en banc. The panel holds that the federal government may not use the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001–3008, to enforce an order of restitution by a court pursuant to a criminal conviction of a defendant for non-payment of child support under the Child Support Recovery Act ("CSRA"), 18 U.S.C. § 228. The panel reasons that a restitution order issued pursuant to the CSRA does not constitute a debt within the meaning of the FDCPA. I believe this conclusion misreads the plain language of the FDCPA and is contrary to the congressional intent behind the CSRA. It deprives the CSRA of much of its intended force.

The case presents a debatable question of statutory interpretation. The reading of the FDCPA offered by my thoughtful and respected colleagues is plausible. However, I think a more straightforward interpretation is that such restitution orders constitute debts under the FDCPA. The FDCPA specifically includes orders of restitution within the definition of the term "debt". *See* 28 U.S.C. § 3002(3)(B). If Congress had wanted to narrow the class of restitution orders covered by the term debt in the FDCPA it could easily have done so. It did not. The panel opinion purports to find some restitution orders enforceable under the FDCPA, but not those restitution orders where the restitution may benefit victims of criminal offenses. Congress made no such distinction.

 

The panel holds that the restitution order at issue may not be enforced because it does not involve funds "owing to the United States." I disagree. The restitution order satisfies the definition of "owing to the United States." The United States is both the formal owner of the debt and a direct beneficiary. The United States is the formal owner because the obligation stems not from the Georgia child support order but from the independent order of restitution to the United States entered by the district court. This distinction is also significant because the FDCPA excludes from coverage sums "owing under the terms of a contract originally entered into by only persons other than the United States." *See* 28 U.S.C. § 3002(3)(B). The debt here is owed under the terms of the restitution order, not under the terms of the support order.

Orders of restitution serve an independent purpose beyond defraying the cost of non-compliance with child support orders. As the Supreme Court said in *Kelly v. Robinson*, "[a]lthough restitution does resemble a judgment 'for the benefit of' the victim, the context in which it is imposed undermines that conclusion." *Kelly*, 479 U.S. 36, 52, 107 S.Ct. 353, 362, 93 L.Ed.2d 216 (1986). "Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, ... restitution orders imposed in such proceedings operate 'for the benefit' of the State." *Id.* at 53, 107 S.Ct. at 362.[1]

The phenomenon of parents falling delinquent in their child support obligations is a problem of major public importance. In 1989 alone, delinquent parents failed to pay about $5 billion owed in child support payments, as the panel notes. In 1990, only half of all eligible custodial parents received the full child support to which they were entitled. 138 Cong.Rec. H7324-01 (daily ed. Aug. 4, 1992). Congress responded by enacting the CSRA. The CSRA creates a comprehensive federal scheme which criminalizes such delinquency and subjects violators to monetary judgments through restitution orders. Efficient enforcement of these money judgments

was clearly an important part of the congressional design. The interpretation of the FDCPA adopted by the panel will require the federal government to fall back on a patchwork of state laws to enforce restitution orders for arrearage in child support payments. This is precisely what Congress wanted to avoid in enacting the CSRA. I respectfully dissent.

---

1. The government also has an indirect pecuniary interest in the restitution payments: public assis-

tance makes up the shortfall in most situations involving unpaid child support.