**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-30878

_____

UNITED STATES OF AMERICA,                                              Plaintiff-Appellee,

versus

CHANEY L. PHILLIPS,                                                    Defendant-Appellant,

consolidated w/

IN RE:  SUCCESSION OF STANLEY E. HORNSBY.

_____

Appeal from the United States District Court
for the Middle District of Louisiana

_____

July 22, 2002

Before POLITZ, STEWART and CLEMENT, Circuit Judges.[*]

CARL E. STEWART, Circuit Judge:[**]

---

[*]  Judge Politz was a member of the panel that heard oral arguments.  However, due to his death on May 25, 2002, he did not participate in this decision.  This case is being decided by a quorum pursuant to 28 U.S.C. § 46(d) (1996).

[**]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chaney L. Phillips ("Phillips") appeals from the denial of his motion to discharge a garnishment. Finding no error, we affirm.


FACTUAL AND PROCEDURAL HISTORY

A federal jury convicted Chaney Phillips on multiple felony counts for which he was incarcerated, and ordered him to pay victim restitution in the amount of $217,587.56. In February 1999, the Government used the Federal Debt Collection Procedures Act's post-judgment collection remedies to seek writs of garnishment against Phillips' successor interest in the estate of Stanley Hornsby.[1] It also served Phillips notice on August 22, 1999 that it would garnish his retirement account. When Phillips did not request a hearing, the district court entered the garnishment order against Phillips' retirement funds on September 21, 1999. Phillips later moved to discharge the garnishment. The district court found his request was untimely, but denied the motion on the merits. The district court held that the Mandatory Victims Restitution Act (MVRA) granted the Government the authority to use the collection procedures of the Federal Debt Collection Procedures Act (FDCPA) to enforce victim restitution orders in favor of a private party.[2]

Phillips filed a timely appeal under 28 U.S.C. § 1292, but in an unpublished decision, we dismissed his appeal for lack of jurisdiction; the district court's order was non-final and non-appealable because there was a still-pending claim in the Hornsby action and the district court had

---

[1] The action was called United States v. Phillips. The District Court consolidated the Phillips garnishment action with the In re Hornsby succession action in June of 1999.

[2] The payments were in favor of Sun Life Assurance Company, the St. Helena Parish Assessor's Office, and the Louisiana Assessors Insurance Fund. We also note that the original payment Phillips owed was $225,587.56, but was reduced after an appeal to the Court and a remand.

2

not certified a partial final judgment under Federal Rule Civil Procedure 54(b). In June 2001, however, the district court granted Phillips' subsequent Rule 54(b) motion for partial final judgment.

## JURISDICTION

We have jurisdiction over the district court's Rule 54(b) partial judgment under 28 U.S.C. § 1291 because it disposed of a distinct claim for relief. Under Eldredge v. Martin Marietta Corp., 207 F.3d 737 (5th Cir. 2000), we have appellate jurisdiction under § 1291 where the district court entered judgment on a distinct "claim" for relief that meets the finality requirement of § 1291 and there is no just reason for delay. 207 F.3d at 740 & n.2. The district court's judgment meets these criteria. The garnishment of the retirement account is a distinct "claim" under Rule 54(b). Although it is not entirely clear what constitutes a "claim" for relief, the retirement garnishment is, in any case, a totally separate claim from the garnishment of the inheritance; the Government could have pursued the retirement garnishment without violating the rule against splitting claims. Id. In addition, while the inheritance claim is still pending in district court, the garnishment of the retirement funds is complete; the garnishment order directs immediate payment of the retirement funds. Thus, there is nothing left to resolve, the judgment is final, there is no just reason for delay and jurisdiction is proper under Rule 54(b) and § 1291.

## STANDARD OF REVIEW

We review the district court's statutory construction *de novo*. Lara v. Cinemark USA, Inc., 207 F.3d 783, 786 (5th Cir. 2000).

## DISCUSSION

Phillips contends that the FDCPA grants the government authority to enforce restitution in

3

favor of the United States, but not to enforce restitution in favor of a private party. He bases this contention on the fact that the FDCPA defines "debt" as "an amount that is owing to the United States." 28 U.S.C. § 3002(3) (2000). Restitution in favor of a private party, he asserts, is not an amount owed to the United States.[3] Furthermore, he contends, contrary to the district court's holding, the MVRA did not change this definition. No MVRA language, he asserts, grants the government authority to collect restitution on behalf of a private entity.

We find, however, that the district court correctly concluded that it can enforce private restitution actions through the FDCPA. The MVRA provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means. 18 U.S.C. § 3664(m)(1)(A)(i)-(ii) (2000). The Government is authorized under 18 U.S.C. § 3613(a) (2000) to collect criminal fines and restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." The federal law that provides the practices and procedures for the enforcement of a civil judgment is the FDCPA. 28 U.S.C. §§ 3001-3308 (1994). We find it clear that the plain language of the MVRA authorized the Government to garnish accounts for victim restitution to be paid to private individuals.

In addition, this conclusion is well supported. Under the MVRA, the attorney general is required to enforce a victim restitution order. 18 U.S.C. § 3612(c). Congress directed the attorney general to aggressively enforce restitution orders with the "inten[t] that the Department [of Justice would] commit the resources necessary to ensure that the rights of victims are enforced." Victim

---

[3] Appellant relies principally upon United States v. Bongiorno, 106 F.3d 1027 (1st Cir. 1997), in which our sister circuit held that the federal government could not collect certain child support payments via the FDCPA because the debt was "not owed to the United States in an economically meaningful sense." Id. at 1039. Although the case was decided after the effective date of the MVRA, the Bongiorno court did not discuss the MVRA at all. Accordingly, we do not find Bongiorno to be persuasive authority in the present case.

4

Restitution Act of 1995, Pub. L. No. 104-132, at 23, 1996 U.S.C.C.A.N. 924, 936. The legislative history further shows that the MVRA was drafted to "strengthen the ability of the Government to collect" criminal restitution; it "consolidat[ed] the procedures for the collection of unpaid restitution with existing procedures for the [Government's] collection of unpaid fines" and simultaneously "strengthen[ed] these procedures." Id. at 13-14, 22. The FDCPA provides the most effective means for the Government to enforce private victim restitution orders because it provides a uniform system for prosecutors to follow rather than resorting to the non-uniform procedures provided by the states. It is absurd to suggest that while the Government drafted the MVRA to make it easier for private victims to collect restitution, that it did not also provide the simplest and most uniform means for the attorney general to collect that restitution. Our review of the statutory language and legislative history persuades us beyond peradventure, therefore, that Congress drafted the MVRA with the intent that it would allow prosecutors to utilize the FDCPA to collect restitution in favor of private victims.

Appellant also argues that applying the MVRA to criminal acts before the MVRA's effective date violates the *Ex Post Facto* Clause. We disagree. The MVRA merely affects how appellant's punishment is collected; it does not increase appellant's punishment. Creel v. Kyle, 42 F.3d 955, 958 (5th Cir. 1995) (holding that "procedural changes, even if they work to the disadvantage of a criminal defendant, do not violate the *Ex Post Facto* Clause.").

CONCLUSION

For the foregoing reasons, we AFFIRM.

AFFIRMED.

5