**UNITED STATES of America,**
**Plaintiff,**

v.

**FIRST BANK & TRUST EAST TEXAS**
**and Bessie M. Lindsay, Defendants.**

**Civil Action No. 1:06–MC–014.**

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 15, 2007.

Suellen Ratliff Perry, U.S. Attorney's Office, Tyler, TX, for Plaintiff.

Richard Ray Burroughs, Richard Burroughs Attorney At Law, Cleveland, TX, for Defendant Bessie M. Lindsay.

Jimmy Alfred Cassels, Cassels & Reynolds, Lufkin, TX, for Garnishee, First Bank & Trust East Texas.

## MEMORANDUM AND ORDER

MARCIA CRONE, District Judge.

Pending before the court is Plaintiff United States of America's ("United States") Motion for Entry of Judgment (# 10). The United States, pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001–3308, seeks to garnish Bessie M. Lindsay's ("Lindsay") retirement benefits in the custody, control, or possession of First Bank & Trust East Texas ("First Bank") for the purpose of satisfying outstanding criminal fines and court-ordered restitution. Having reviewed the pending motion, the submissions of the parties, and the applicable law, the court is of the opinion that Plaintiff's motion should be granted.

### I. *Background*

On February 1, 2006, in Case Number 1:05–CR–120, Lindsay pleaded guilty to one count of theft, embezzlement, or misapplication by a bank officer or employee in violation of 18 U.S.C. § 656. As part of her sentence, Defendant was ordered to pay restitution of $150,000.00 and a special assessment fee of $100.00, for a total monetary payment of $150,100.00. The United States asserts that a balance of $149,950.00 remains outstanding.

On October 26, 2006, the United States filed an Application for Writ of Continuing Garnishment pursuant to the FDCPA, 28 U.S.C. § 3205. The writ was subsequently issued on November 17, 2006, to obtain non-exempt property in the custody, control, or possession of First Bank. In its amended answer, filed on January 8, 2007, First Bank identified a checking account and a 401(k) Profit Sharing Plan held on behalf of Lindsay, containing $910.16 and $39,280.27, respectively.

Lindsay was served with the Writ of Continuing Garnishment and notified of her right to claim exemptions from garnishment. She filed an answer on January 8, 2007, claiming that her 401(k) Profit Sharing Plan is exempt from garnishment. Lindsay asserts that the funds are protected under the anti-alienation provision of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1056(d)(1). In response, the United States argues that ERISA-qualified plans are not protected from seizure by the federal government for the satisfaction of criminal fines and court-ordered restitution. Accordingly, the United States requests that the court deny Lindsay's exemption claim as a matter of law.

### II. *Analysis*

The issue presented to the court is whether the United States may garnish Defendant's interest in her First Bank & Trust East Texas 401(k) Profit Sharing Plan ("Retirement Account") pursuant to the FDCPA, 18 U.S.C. § 3613, notwith-

standing ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1).

## A. ERISA Alienation Provision

An analysis of whether Defendant's Retirement Account is exempt from garnishment begins with the pertinent ERISA provision. ERISA states that "[e]ach plan shall provide that benefits under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). The United States Supreme Court has recognized that ERISA's anti-alienation provision prohibits garnishment of a qualified pension plan "unless some exception to the general statutory ban is applicable." *Guidry v. Sheet Metal Workers Nat'l Pension Fund,* 493 U.S. 365, 372, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990). In Guidry, the Court declined to find "any generalized equitable exception—either for employee malfeasance or for criminal misconduct—to ERISA's prohibition in the assignment or alienation of pension benefits," observing that the anti-alienation provision "reflects a considered congressional policy choice, a decision to safeguard a stream of income for pensioners ... even if that decision prevents others from securing relief for the wrongs done them." *Id.* at 376, 110 S.Ct. 680. Moreover, the Court stressed that "[i]f exceptions to this policy are to be made, it is for Congress to undertake that task." *Id.*

■■■■The United States contends that the Mandatory Victim Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A, constitutes such a congressionally-created exception to ERISA's anti-alienation provision. Congress specifically enacted the MVRA "to ensure that the loss to crime victims is recognized," as well as to guarantee that "they receive the restitution that they are due." S.REP. No. 104–179, at 12 (1995), *as reprinted in* 1996 U.S.C.C.A.N. 924, 925. The United States argues, that in seeking a writ of continuing garnishment, it is enforcing the MVRA pursuant to the FDCPA, specifically 18 U.S.C. § 3613(a), which provides:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a). The language of § 3613(a) indicates that the government may satisfy criminal fines against all of a criminal debtor's property except certain limited types of property "which would be exempt from a levy for the payment of federal income taxes." *United States v. Rice,* 196 F.Supp.2d 1196, 1199 (N.D.Okla. 2002).

Moreover, the MVRA provides that restitution orders are to be enforced by the government using all of the remedies that are available for the collection of criminal fines. *See* 18 U.S.C. § 3664(m)(1)(A)(i); *see also United States v. Phillips,* 303 F.3d 548, 550–51 (5th Cir.2002) (holding that the "MVRA provides the Government authori-

ty to enforce victim restitution orders in the same manner that it recovers fines and by all other available means"). In addition, like a fine, an order of restitution made pursuant to the MVRA is treated as "a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c); *see Phillips,* 303 F.3d at 550–51; *Rice,* 196 F.Supp.2d at 1199. To this end, Congress, in enacting the MVRA, made a considered policy decision to create an exception to the general statutory ban on alienation of ERISA-qualified benefits in order to treat the collection of criminal restitution orders in the same manner as tax liabilities. *See United States v. Novak,* 441 F.3d 819, 823 (9th Cir.2006).

Section 6331 of the Internal Revenue Code ("IRC") sets forth the basic procedures for the collection of outstanding tax liabilities following notice and demand. *See* 26 U.S.C. § 6331. The Internal Revenue Service ("IRS") is authorized to levy upon all property and rights to property belonging to a taxpayer, subject to certain enumerated exemptions in § 6334, in order to satisfy outstanding tax liabilities. *See* 26 U.S.C. § 6331(a). Such a broad definition indicates "that Congress meant to reach every interest in property that a taxpayer might have." *Medaris v. United States,* 884 F.2d 832, 833 (5th Cir.1989) (quoting *United States v. National Bank of Commerce,* 472 U.S. 713, 720, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985)). The IRC also expressly states that no other federal law shall exempt property or rights to property from the IRS's authority to levy on a delinquent taxpayer's property under § 6331. *See* 26 U.S.C. § 6334(c). Moreover, the text of ERISA provides that "[n]othing in this subchapter [which includes the anti-alienation provision] shall

be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States." 29 U.S.C. § 1144(d); *see also Shanbaum v. United States,* 32 F.3d 180, 182–83 (5th Cir.1994) (noting that, when "[r]eading the unambiguous language of Internal Revenue Code section 6334(c) with the mandate contained in section 1144(d) of ERISA, [the] argument that the IRS levy authority yields to the later enacted non-alienation provision is without merit").

In the case at bar, Lindsay's interest in her ERISA-qualified plan does not fall within any of the enumerated exceptions listed in § 3613(a) nor within the types of annuities and pension payments exempt from levy under § 6334(a)(6) of the IRC. *See* 26 U.S.C. § 6334(a)(6) (exempting "[a]nnuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code"). Accordingly, Defendant's assertion that ERISA's anti-alienation provision protects her Retirement Account from seizure by the federal government for satisfaction of her outstanding criminal fine and court-ordered restitution is unfounded.

Other courts have reached the same result. *See United States v. Irving,* 452 F.3d 110, 126 (2d Cir.2006) ("ERISA pension plans are not exempted from payment of taxes under 26 U.S.C. § 6334, and thus they should not be exempted from payment of criminal fines."); *Novak,* 441 F.3d at 824 ("In enacting the MVRA and providing for the enforcement of restitution orders through 18 U.S.C. § 3613, Congress—as the Supreme Court in *Guidry*

indicated that it could—has created a statutory exception to ERISA's anti-alienation provision."); *United States v. Dixon*, No. 03–20121–CM, 2007 WL 163245, at *1 (D.Kan. Jan. 18, 2007); *United States v. Wahlen*, 459 F.Supp.2d 800, 822 (E.D.Wis. 2006); *United States v. Lazorwitz*, 411 F.Supp.2d 634, 637 (E.D.N.C.2005) ("Because § 3613 makes clear that restitution orders in favor of the United States are to be treated like tax liabilities, it appears that, like delinquent taxpayers, criminal defendants owing restitution to the government cannot protect their pension benefits from being used to satisfy their monetary obligation to the government."); *United States v. James*, 312 F.Supp.2d 802, 805 (E.D.Va.2004) (finding that ERISA is no bar to garnishment of a qualified pension plan to collect a criminal restitution order); *United States v. Tyson*, 242 F.Supp.2d 469, 473 (E.D.Mich.2003) ("[A]ll three statutes—ERISA, FDCPA, and the Internal Revenue Code—are in perfect harmony as to the ability of the government to garnish a qualified pension plan in order to enforce either a federal income tax liability or a criminal restitution order."); *Rice*, 196 F.Supp.2d at 1202 ("With the passage of 18 U.S.C. § 3613, Congress created an exception to ERISA's anti-alienation provision by subjecting all of a criminal defendant's property to execution for the collection of a criminal fine."); *United States v. Garcia*, No. 96–10049–01–JTM, 2003 WL 22594362, at *2 (D.Kan. Nov. 6, 2003) (recognizing that 18 U.S.C. § 3613 sets forth the property exempt from levy for restitution payments and does not exempt ERISA pension plans); *United States v. Sowada*, No. 03–420, 2003 WL 22902613, at *2 (E.D.La. Dec. 8, 2003) ("This Court agrees with those district courts that have concluded that the United States can garnish ERISA funds for satisfaction of criminal fines and penalties. To hold otherwise would give convicted criminal defendants greater rights than those of citizens who owe a tax debt to the government."). Hence, ERISA's anti-alienation provision does not shield Lindsay's Retirement Account at First Bank from garnishment by the United States to satisfy her fine and restitution obligations.

### B. *Litigation Costs*

■ Lindsay seeks court costs and attorney's fees in connection with these proceedings. "Under federal law, attorney's fees may be awarded against the United States or its agencies only if such an award is specifically provided by statute." *Fenton v. Federal Ins. Adm'r*, 633 F.2d 1119, 1122 (5th Cir.1981). In the case at bar, neither the MVRA nor the FDCPA provide for attorney's fees in garnishment proceedings brought by the United States or its agencies. Accordingly, the Defendant's request for attorney's fees is without basis. Moreover, Lindsay is not a prevailing party for whom an award of costs or attorney's fees would be appropriate in any event. *See* 28 U.S.C. § 2412.

### C. *Hearing*

On October 26, 2006, the United States prepared and filed a notice of garnishment substantially conforming with 28 U.S.C. § 3202(b), which informed Lindsay of her right to a hearing. The FDCPA provides:

> By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy. The court that issued such order shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within 5 days after receiving the request or as soon thereafter as possible. The issues at such hearing shall be limited—

(1) to the probable validity of any claim of exemption by the judgment debtor;

(2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and

(3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—

> (A) the probable validity of the claim for the debt which is merged in the judgment; and

> (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d).

Here, Lindsay did not request a hearing, nor does she claim that the United States failed to comply with any statutory requirement associated with the issuance of the writ. Furthermore, her outstanding criminal fine and court-ordered restitution did not accrue as a result of a default judgment. Lindsay has also failed to set forth a colorable claim that a federal exemption applies to the property at issue. Accordingly, no hearing is warranted, as Defendant fails to raise an issue for which a hearing under § 3202(d) is statutorily allowed.

### III. *Conclusion*

After reviewing the pending motion, the submissions of the parties, and the applicable law, the court is of the opinion that Lindsay's interest in her Retirement Account is subject to garnishment by the United States for satisfaction of her outstanding criminal fine and court-ordered restitution. Accordingly, Plaintiff's Motion for Entry of Judgment is granted, and First Bank is hereby ordered to remit the monies held for the benefit of Lindsay to the Clerk of the court.