# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 19, 2010

No. 08-20843
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SOLOMON OGBEMUDIA, also known as Kamasu Patterson, also known as
Larry Doogwama,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-145-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Solomon Ogbemudia, proceeding pro se, appeals the district court's
judgment denying his motion for return of $46,943 in cash seized from his
residence and ordering that the funds be disbursed to victims pursuant to the
court's restitution order.  Finding no error, we affirm.

Ogbemudia repeats the argument raised in the district court that there
was no proof that the money seized was from illegal activity.  In addition,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Ogbemudia raises a number of new arguments. He contends that the money was seized from him illegally and without due process; that the indictment did not charge that any property was subject to forfeiture; that the determination that the Government had a lien was erroneous; that the amount of loss of $88,277, was contrary to the Government's prior assertions that the loss was less than $50,000; that he did not agree in the plea agreement to forfeiture of the money in question; that there was no formal forfeiture hearing; that the USPIS forfeiture proceeding was defective; and that the use of the funds to pay restitution is contrary to the court's restitution payment schedule. The Government contends that certain of Ogbemudia's arguments should be reviewed for plain error and that arguments raised for the first time in his reply brief should be stricken or that the Government be given an extension of time to respond.

Contrary to Ogbemudia's argument, the action by the district court constituted enforcement of a restitution order pursuant to the Mandatory Victims Restitution Act (MVRA), which is distinct from a forfeiture proceeding. *See United States v. Taylor*, 582 F.3d 558, 565-66 (5th Cir. 2009), *petition for cert. filed* (Dec. 4, 2009) (No. 09-7980). Thus ,there was no requirement that the Government demonstrate that the money was traceable to Ogbemudia's criminal offense. *See United States v. Berger*, 574 F.3d 1202, 1204 (9th Cir. 2009). The district court correctly determined that the restitution order gave the Government a lien against all of Ogbemudia's property, and that the funds seized could be used to satisfy the restitution order. *See* 18 U.S.C. § 3613(a), (f), (k), (n); *United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002). We find no merit to any of Ogbemudia's remaining arguments, whether they were properly raised or preserved. We thus deny the Government's motion as unnecessary.

AFFIRMED; MOTION DENIED AS UNNECESSARY.