United States v. Witham                    00-CR-017-SM  06/04/10  P

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


United States of America,
      Government

      v.                                    Criminal No. 00-cr-17-2-SM
                                            Opinion No. 2010 DNH 097P
Wayne S. Witham,
      Defendant

and

Siemens Generation Services Co.,
      Garnishee


O R D E R



     This is an ancillary proceeding in which the government,

pursuant to the Mandatory Victim Restitution Act ("MVRA"),

18 U.S.C. §§ 3556 and 3664, seeks to collect restitution from the

defendant, using procedures established by the Federal Debt

Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 et seq.

Previously, to effect collection of the restitution owed, the

court entered an order garnishing defendant's wages (document no.

42).  The government moved to reconsider that order, claiming

defendant's wages should have been garnished in a greater amount.

The court granted that motion, but directed the government to

thoroughly brief five specified legal issues.  The government has

responded.

The fourth issue on which the court required briefing was:

> Whether, in this circuit, garnishment under the FDCPA is a collection remedy not available to the government when, as here, the recovery is sought on behalf of a private party and the United States has no direct pecuniary interest in the amount sought to be recovered?

The United States Court of Appeals for the First Circuit has held that the Federal Debt Collection Procedures Act is not available to the government when, as here, it seeks to collect restitution owed to a private victim. United States v. Bongiorno, 106 F.3d 1027 (1st Cir. 1998); see United States v. Rostoff, 164 F.3d 63 (1st Cir. 1999); United States v. Timilty, 148 F.3d 1 (1st Cir. 1998).

In Bongiorno, the court of appeals determined that:

> . . . [O]ther types of restitution, which, when paid, will not increase public revenues (say, restitution to an individual victim of a crime), do not come within the [FDCPA's] statutory encincture. In short, we cannot isolate a single word — "restitution" — and conclude that every order bearing that label automatically falls within the FDCPA's grasp. The federal government may collect under the FDCPA only restitution that is "owing to the United States." 28 U.S.C. § 3002(3).

Bongiorno, 106 F.3d at 1039. Here, as in Bongiorno, the restitution debt is not owed to the United States, but to a private party. It would seem to follow, then, that, under

2

controlling circuit precedent, this defendant's restitution debt cannot be collected by the government via the FDCPA.

Government counsel did not mention the <u>Bongiorno</u> issue in any prior pleadings, and does not concede that it is controlling. Counsel suggest, rather, that either the court of appeals was unaware of the Mandatory Victim Restitution Act when it decided <u>Bongiorno</u>, <u>Timilty</u>, and <u>Rostoff</u>, or that the court of appeals did not mention the MVRA's provisions because the Act was inapplicable to those cases, as it became effective after the lower courts had entered orders of restitution (but well before the court of appeals considered available enforcement procedures). The government also points to language in the MVRA that, it says, effectively nullifies those post-MVRA decisions.

The government argues, essentially, that:

> [B]ecause the MVRA provides that the United States may collect fines and restitution in the same manner, and the United States may collect a fine through the FDCPA, the United States may also use FDCPA remedies to collect restitution obligations owed to private victims.

(Document no. 49, at 7.) The substantive MVRA provisions upon which the government relies, however, are not new. Virtually identical provisions were part of the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663-3664. Like the MVRA,

3

the VWPA also (1) authorized the government to enforce restitution orders in the same manner used to collect fines, <u>see</u> 18 U.S.C. § 3663(h)(1)(A) (repealed 1996); and (2) authorized the government to execute against the property of a person fined "in like manner as judgments in civil cases," 18 U.S.C. § 3613(e) (1994). The VWPA also provided that orders of restitution could be enforced in the same manner as a judgment in a civil action. <u>See</u> 18 U.S.C. § 3663(h)(1)(B) (repealed 1996). As it does here with respect to the MVRA, the government previously argued that those similar VWPA provisions necessarily incorporated and made the FDCPA's procedures available to the government when collecting restitution owed to private parties.

That argument was specifically addressed and rejected by the court in <u>Bongiorno,</u> and the court has not since varied from that decision.[1] Seeking rehearing by the panel and, alternatively, rehearing <u>en banc</u> in <u>Bongiorno,</u> the government stressed that because the VWPA authorized the United States to enforce a restitution order "in the same manner as a judgment in a civil

---

[1] The government's characterization of the opinion in <u>United States v. Hyde</u>, 497 F.3d 103 (1st Cir. 2007) as authorizing government use of FDCPA procedures to collect private restitution under the MVRA is not persuasive. The court of appeals did not consider the issue in any respect, and the opinion hardly makes it clear that the government sought enforcement of the restitution order using FDCPA procedures. The issue was neither litigated by the parties nor decided by the court.

action," it should be construed as effectively incorporating the FDCPA's procedures into 18 U.S.C. § 3663(h).  The court of appeals, denying both rehearing by the panel and rehearing en banc, explained that the government's argument begged the dispositive question:

> Second, even if we were to consider them, the government's substantive arguments relating to the VWPA in no way blunt the force of the panel opinion.  In the last analysis, the government's point is little more than an ipse dixit.  Declaring that the FDCPA is incorporated into 18 U.S.C. § 3663(h) by the language that the United States may enforce an order of restitution "in the same manner as a judgment in a civil action" begs the question of the procedures available to the government in collecting civil judgments . . . .

> Since we already have determined that a restitution order [benefitting a private party] is not a debt owing to the Untied States within the meaning of the FDCPA [internal reference omitted], the FDCPA statute is therefore inapplicable in this instance.  Put another way, given the nature of the underlying debt, the FDCPA is simply not an "applicable" federal statute.

United States v. Bongiorno, 110 F.3d 132, 133-34 (1st Cir. 1997) (emphasis added).

The current theory urged by the government seems to be that, while the court of appeals determined that the VWPA's provisions did not permit use of FDCPA procedures to collect restitution owed private parties, the MVRA's substantively identical provisions do.  That argument ignores the fundamental holding in

5

Bongiorno, which authoritatively determined the FDCPA's scope and, consequently, its availability to collect monies owed private victims (i.e., monies not "owed to the United States").

The MVRA (like the VWPA) provides that "an order of restitution may be enforced by the United States in the manner provided for in . . . subchapter B of Chapter 229 of this title," 18 U.S.C. § 3664(m)(1)(a)(i). Subchapter B, in turn, provides that "[t]he United States may enforce a judgment imposing [restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). The government's contention that the referenced MVRA provisions incorporate and make the FDCPA's collection procedures available to collect restitution owed to private parties begs the very same question discussed in Bongiorno.

The critical question is not whether the MVRA authorizes the government to collect private restitution in any manner authorized by applicable law — it plainly does. Rather, under this circuit's precedent, the dispositive question is whether the FDCPA's procedures are available to the government under federal law when it seeks to collect restitution owed to a private party. Bongiorno, Timilty, and Rostoff say that they are not:

6

> In Bongiorno, we held, however, that certain
> restitution debts did not qualify for collection using
> the FDCPA.  We identified the relevant inquiry as being
> "aimed at determining to whom the debt is owed and to
> whose benefit the proceeds of the debt will inure when
> paid."  Bongiorno, 106 F.3d at 1037.  Thus, only
> restitution debts owed to the United States may be
> collected via the FDCPA.  See id. at 1039.

Rostoff, 164 F.3d at 69 (emphasis in original).


Applying Bongiorno's analysis, while it is plain that the

MVRA authorizes the government to collect restitution owed to

private parties using available civil remedies, it is equally

plain that the FDCPA's procedures are not available for that

purpose.  As noted in Rostoff, the FDCPA's collection procedures

are available to the government only when it seeks to collect

judgments in which the United States has a pecuniary interest.


As the government points out, other circuits have reached a

different conclusion.  See, e.g., United States v. Mays, 430 F.3d

963 (9th Cir. 2005); United States v. Kollintzas, 501 F.3d 796

(7th Cir. 2007); United States v. Phillips, 303 F.3d 548 (5th

Cir. 2002).  While those decisions generally hold that the

government can use FDCPA procedures to collect restitution debts

owed to private parties, they do not discuss the dispositive

issue identified in Bongiorno — that restitution owed to a

private party is not "owed to the United States" within the

7

meaning of the FDCPA. In <u>Phillips</u>, by way of illustration, the Fifth Circuit focused on construing the MVRA's provisions, and not those of the FDCPA (as the First Circuit did in <u>Bongiorno</u>). In a subsequent case, the Fifth Circuit made it clear that it recognized <u>Bongiorno</u> as being unreconcilable with its <u>Phillips</u> decision ("we have previously declined to follow <u>Bongiorno</u> [in <u>Phillips</u>] when we held that the government may use the FDCPA to collect restitution owed under the MVRA"), and, that its <u>Phillips</u> decision "turned not on the FDCPA, but on the MVRA, which we interpreted as independently authorizing the government to use the FDCPA to collect restitution for [private] victims." <u>Sobranes Recovery Pool I, LLC v. Todd & Hughes Constr. Corp.</u>, 509 F.3d 216, 227 n.34 and 225 (5th Cir. 2007). Essentially, the contrary precedent from other circuits has not recognized, as the First Circuit has, that the FDCPA, by its own terms, is not applicable to or available for use in collecting restitution for private parties; it is <u>only</u> available to collect monies <u>owed</u> <u>to</u> <u>the</u> <u>United</u> <u>States</u>.

While reasonable minds can differ with respect to these issues, this court is unarguably duty-bound to follow and apply First Circuit precedent over conflicting precedent from other circuits.

8

Accordingly, as in <u>Bongiorno</u>, the order of continuing garnishment was improvidently entered pursuant to the FDCPA in this case, and it must be vacated.  The government is free, of course, to seek amendment or enforcement of the restitution order by resort to available civil remedies.  The other specified questions briefed by the government need not be resolved, at this juncture, given the resolution of this specified issue.


## Conclusion

The order of continuing garnishment (document no. 42) is hereby **<u>VACATED.</u>**


**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

June 4, 2010

cc:  Michael T. McCormack, AUSA
     Seth R. Aframe, AUSA
     Robert J. Veiga, AUSA
     Wayne S. Witham, <u>pro se</u>
     U.S. Probation
     Siemens Generation Services Co.
       3501 Quadrangle Blvd., Suite 175
       Orlando, FL   32817