(Not for Publication in West's Federal Reporter)

# United States Court of Appeals
## For the First Circuit

---

No. 11-1310

UNITED STATES,

Appellee,

v.

HAROLD F. CHORNEY,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

---

Before

Torruella, Boudin and Thompson,
Circuit Judges.

---

Harold F. Chorney on brief pro se.
Leslie J. Kane, Assistant U.S. Attorney, and Peter F. Neronha, United States Attorney, on brief for appellee.

---

December 29, 2011

---

**Per Curiam**.  Defendant Harold Chorney, having been ordered in 1994 to pay $569,469 in restitution as part of a criminal sentence, appeals from a recent district court order requiring him to make installment payments of $500 per month.  His principal arguments on appeal are that (1) the installment-payment provision is inapplicable and (2) his only two sources of income--a monthly social security benefit and a monthly veterans disability benefit--cannot be considered in determining his financial ability to make such payments.

Each of these arguments raises some knotty questions, as we will briefly explain.  Each of them is also procedurally defaulted, not having been raised in timely fashion in district court.  As a result, neither the magistrate judge nor the district judge addressed them below; more surprisingly, the government has not addressed them on appeal.  Nor has the government mentioned defendant's procedural default--an omission which would allow us to deem that defense forfeited and proceed to the merits.  See, e.g., Sotirion v. United States, 617 F.3d 27, 32 (1st Cir. 2010).  But such a course is not obligatory, see, e.g., Pike v. Guarino, 492 F.3d 61, 74 (1st Cir. 2007), and we are reluctant to undertake a resolution of these issues on the merits absent meaningful input from the parties and the district court.

As it happens, defendant is in a position to seek a modification of the installment order, as permitted by 28 U.S.C. §

3204(b), due to a change in his financial circumstances (stemming from his recent move out of his girlfriend's home).  Under the circumstances, we think the prudent course is to affirm the district court judgment on the basis of lack of plain error, but without prejudice to defendant pursuing these same two arguments at any such reopened proceeding.  The government would there be free to raise any available argument in rebuttal, except of course for a res judicata defense based on events in the instant appeal.

We here will simply highlight the key issues raised by defendant's first two contentions, without intimating any view as to the proper disposition thereof.  We will also affirm the dismissal of a third contention with prejudice for lack of merit.

1.  Defendant contends that the installment-payment provision, set forth in 28 U.S.C. § 3204, is inapplicable by its very terms. Enacted in 1990 as part of the Federal Debt Collection Procedure Act (FDCPA), § 3204 authorizes an installment order only

> if it is shown that the judgment debtor-
>     (1) is receiving or will receive substantial nonexempt disposable earnings from self employment that are not subject to garnishment; or
>     (2) is diverting or concealing substantial earnings from any source, or property received in lieu of earnings.

28 U.S.C. § 3204(a).  See, e.g., S.P. Davis, Sr. v. United States, 2011 WL 4712077, at *2 (W.D. La. 2011) (stating that government "must make a showing" that one of these conditions is present). Defendant insists that neither condition has been satisfied; there

has been no showing, he contends, that his social security or veterans benefits are derived "from self employment," or that he is "diverting or concealing" any earnings. On the basis of the present record, it is difficult to come to a different conclusion.

But defendant did not raise this issue until seeking reconsideration of the district judge's decision. He has thus failed to preserve the matter for appeal. See, e.g., Dillon v. Select Portfolio Servicing, 630 F.3d 75, 80 (1st Cir. 2011). Ordinarily, we would proceed to review for plain error, inquiring whether there was (1) an error that (2) was plain and that (3) affected substantial rights and (4) seriously affected the fairness, integrity or public reputation of judicial proceedings. See, e.g., United States v. Olano, 507 U.S. 725, 732 (1993). But no such extended analysis is necessary here. Even if plain error were present, we would refrain as a matter of discretion from correcting it, given defendant's ability to pursue the matter in a reopened proceeding under 28 U.S.C. § 3204(b). See, e.g., United States v. Gilberg, 75 F.3d 15, 22 (1st Cir. 1996) ("Olano entrusts remediation of plain error to the sound discretion of the reviewing court").

Defendant also contends that § 3204(a) is inapplicable for a separate reason. He notes that, prior to 1996, the FDCPA could only be used to collect restitution and other debts owed to the government, not to private entities. See, e.g., United States v.

-4-

Bongiorno, 106 F.3d 1027, on rehearing, 110 F.3d 132 (1st Cir. 1997). The 1994 restitution order here directs payment to be made to the Department of Justice "for the benefit" of the FDIC. Defendant asserts that, back in 1999 in a related bankruptcy proceeding, the FDIC assigned all of its interest to a private entity. Yet even if so, he fails to explain why a creditor's claim in a bankruptcy proceeding is the same thing as a designated payee's interest in restitution. In any event, defendant acknowledges that he failed to make this argument below, and plain error is lacking. But he remains free to pursue the matter further at a reopened proceeding.

2. Section 3204 also provides that no installment order may be issued "with respect to any earnings of the debtor except nonexempt disposable earnings." 28 U.S.C. § 3204(c)(2).[1] Defendant contends that his social security and veterans benefits are "exempt"--not only under § 3204(c)(2) for purposes of an installment order, but also more generally for purposes of any restitution order. This argument has mostly surfaced for the first time on appeal.

One might consider this exemption issue from any of three separate angles. First, one might turn to 28 U.S.C. § 3014(a),

---

[1] The term "disposable earnings" is defined as "that part of earnings remaining after all deductions required by law have been withheld," 28 U.S.C. § 3002(5), while the term "nonexempt disposable earnings" means "25 percent of disposable earnings," subject to a statutory limit on garnishment, id. § 3002(9).

which is entitled "exempt property"--a provision mentioned by neither party.  It states that in a "proceeding under this chapter" (e.g., a § 3204 motion for installment payments), a debtor may elect to "exempt property ... that is specified in § 522(d) of title 11, as amended from time to time."  28 U.S.C. § 3014(a)(1).  Section 522(d), in turn, refers inter alia to a "debtor's right to receive ... a social security benefit ..., a veterans' benefit, [or] a disability ... benefit."  11 U.S.C. § 522(d)(10)(A)-(C).  Pointing to the "right to receive" language, some courts have held that this provision exempts "future" benefits but not "payments which have already been received."  In re Carpenter, 614 F.3d 930, 935 (8th Cir. 2010).  If so, query whether § 3014(a) prohibits a court from considering such benefits when estimating a defendant's ability to make installment payments under § 3204.

Second, one might rely on the anti-alienation provisions contained within the Social Security Act (SSA) and the Veterans' Benefits Act (VBA)--as defendant has done, albeit only on appeal.  The SSA provision states in pertinent part that "none of the moneys paid or payable ... under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process."  42 U.S.C. § 407(a).  The VBA provision is equally emphatic:  "Payments of benefits ... made to ... a beneficiary ... shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable

-6-

process whatever, either before or after receipt by the beneficiary." 38 U.S.C. § 5301(a).

These provisions apply to benefits even "after they have been distributed to beneficiaries." Hoult v. Hoult, 373 F.3d 47, 56 (1st Cir. 2004) (§ 407(a)); accord Porter v. Aetna Cas. & Surety Co., 370 U.S. 159 (1962) (§ 5301(a), then codified as § 3101(a)). Accordingly, seizure of social security or veterans benefits to pay a court-ordered fine or restitution would appear improper. See, e.g., Bennett v. Arkansas, 485 U.S. 395 (1988) (per curiam) (invalidating scheme attaching inmates' social security benefits to help defray costs of maintaining prison).

The closer question is whether such benefits can be taken into account simply to determine an individual's ability to pay a fine or restitution. See United States v. Merric, 166 F.3d 406, 412 (1st Cir. 1999) (raising matter sua sponte in ¶ 407(a) context for possible consideration on remand, and noting that "[t]he point is an obscure one, raised more by case law than statutory language"). Relevant case law does not appear to yield a clearcut answer. Compare, e.g., United States v. Lampien, 2001 WL 32753, at *4 n.3 (7th Cir. 2001) (applying United States v. Eggen, 984 F.2d 848 (7th Cir. 1993)), and Gleave v. Graham, 954 F. Supp. 599, on reconsideration, 4 F. Supp. 2d 163 (W.D.N.Y. 1997), aff'd, 1998 WL 352947 (2d Cir. 1998), with, e.g., United States v. Smith, 47 F.3d 681, 684 (4th Cir. 1995).

Third, one might invoke the restitution procedures set forth in the Mandatory Victims Restitution Act of 1996 (MVRA), as both parties have done here. Among other features, the MVRA makes civil remedies for satisfaction of an unpaid fine available for the enforcement of an order of restitution. See 18 U.S.C. §§ 3613(f), 3664(m)(1)(A). The key enforcement provision is set forth in § 3613(a):

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act [42 U.S.C. § 407]), a judgment imposing a fine may be enforced against all property or rights to property of the person fined ....

Id. § 3613(a). Three exceptions to this rule are enumerated, two of which are relevant here:

> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
> (2) section 3014 ... of title 28 shall not apply to enforcement under Federal law ....

Id. § 3613(a)(1), (2).

If § 3613(a) applies here, any "exemption" argument relying on 28 U.S.C. § 3014 would be defunct, as would any such argument invoking the SSA's anti-alienation provision, 42 U.S.C. § 407. Moreover, defendant's reliance on the VBA's anti-alienation provision, 38 U.S.C. § 5301(a), might also be misplaced. Among the provisions excepted in subsection (a)(1) is IRC § 6334(a)(10).

-8-

Entitled "[c]ertain service-connected disability payments," this provision refers to "[a]ny amount payable to an individual as a service-connected ... disability benefit" under various provisions of title 38. If the protection afforded by § 6334(a)(10) were narrower than that afforded by § 5301(a), the former would apparently control since it, not § 5301(a), is cited in the § 3613(a) exception. Several courts have held that veterans benefits are no longer "payable" under § 3664(a)(10) once they have been received. See, e.g., Calhoun v. United States, 1995 WL 411832, at *1 (Fed. Cir. 1995) (per curiam). If so, query whether such benefits can be considered under the MVRA in determining the amount of monthly restitution one can afford to pay.

Another question is whether the MVRA even applies here. Both sides have assumed that it is applicable. But the MVRA by its terms applies only to defendants "convicted on or after the date of enactment"--April 24, 1996. Pub. L. No. 104-132, § 211. This court has regularly applied pre-MVRA law in cases where, as here, the conviction occurred prior to that date. See, e.g., United States v. Witham, 648 F.3d 40, 46 n.9 (1st Cir. 2011) (citing cases). But cf. United States v. Dover, 2011 WL 1466473, at *4 (E.D. Tenn. 2011). Whether a particular MVRA provision is deemed substantive or procedural might possibly have some relevance in this regard. And ex post facto concerns could come into play. See, e.g., United States v. Nichols, 169 F.3d 1255, 1279 (10th Cir.

1999) (listing cases).

To varying degrees, defendant has adverted to portions of these "exemption" arguments below and on appeal, but probably not in enough of a sustained fashion to avoid procedural default. Under the circumstances, we will again affirm due to the lack of plain error, but without prejudice to defendant pursuing these arguments at any reopened proceeding.

3. Finally, defendant seeks to challenge the 1994 restitution order directing payment of $569,469 to the FDIC. He claims not to have received credit for numerous assets that allegedly had been sold at auction, nor for others said to have gone missing. Defendant is apparently asking that his filings here be construed in part as a habeas petition under 28 U.S.C. § 2255, one seeking an amended judgment with a corresponding reduction in the amount of restitution. This request can be rejected for the simple reason that a § 2255 petition is unavailable for this purpose. By its terms, § 2255 applies only to petitioners "in custody" who "claim[] the right to be released"; it does not provide relief to those "merely claiming the right to a reduced restitution order." Smullen v. United States, 94 F.3d 20, 25 (1st Cir. 1996). The district court's dismissal of this argument will thus be affirmed with prejudice.

The judgment is affirmed, but without prejudice to defendant pursuing his first two arguments--involving the applicability of 28

U.S.C. § 3204 and the "exempt" status of his social security and veterans benefits--at any reopened proceeding seeking modification of the restitution order.